1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                         **DISTRICT OF NEVADA**
8
9
10   Rhenetta Belcher-Bey,                        Base Case No.:
                                                  2:12-cv-01829-JAD-CWH
11                  Plaintiff
                                                  Member Case No.:
12              v.                                2:12-cv-01909-JAD-CWH

13   City of Las Vegas, Las Vegas Metropolitan Police   **Order Granting Motion to Dismiss**
     Department, and Officer Eric Brown,               **[Doc. 4 in 12-cv-1909], Granting in Part**
14                                                      **and Denying in Part Motion for Court**
                   Defendants                           **Order [Doc. 23 in 12-cv-1829],**
15                                                       **and Denying Motion for**
                                                        **Summary Judgment as Moot**
16                                                       **[Doc. 32 in 12-cv-1829]**
17
18
19          These civil rights actions arise out of Plaintiff Rhenetta Belcher-Bey's single lawsuit against

20   the City of Las Vegas, the Las Vegas Metropolitan Police Department ("LVMPD"), and LVMPD

21   Officer Eric Brown.  LVMPD and Officer Brown removed the suit to the District of Nevada in base

22   case 2:12-cv-01829-JAD-CWH, while Las Vegas separately removed the same suit in 2:12-cv-

23   01909-JAD-CWH.[1]  The cases were subsequently consolidated.[2]  The City moves for dismissal in

24   _____

25          [1] Doc. 1 in 2:12-cv-01829-JAD-CWH; Doc. 1 in 2:12-cv-01909-JAD-CWH.

26          [2] Doc. 12 in 2:12-cv-01829-JAD-CWH; Doc. 15 in 2:12-cv-01909-JAD-CWH.  The Court
     reminds the parties that all motions are to be filed in the base case now that the cases have been
27   consolidated.

28                                              1

1   the consolidated case and for summary judgment in the base case, while Belcher-Bey brings a

2   motion for judicial notice and for damages in the base case.[3]  Having reviewed the record and law,

3   the Court grants the City's motions for dismissal, denies the duplicative motion for summary

4   judgment, grants in part and denies in part Belcher-Bey's request for judicial notice, and denies

5   Belcher-Bey's motion for damages.[4]

6                                      **Background**

7        Belcher-Bey was traveling south on Arden Street on August 16, 2012, when Officer Brown

8   conducted what Belcher-Bey describes as an "impersonat[ion] of a government official on

9   emergency business . . . just to 'traffic stop'" her.[5]  Belcher-Bey and Brown's discussion ranged

10  from whether she was trafficking humans to "a mini lesson on ants indigenous to Nevada," with the

11  central concern being Belcher-Bey's lack of a Nevada license plate and Nevada-issued driver's

12  license.[6]  Belcher-Bey alleges that she is an Ambassador and Public Minister in the Moorish Holy

13  Temple of Science of the World and uses a Mu'ur Republic license plate for "easy recognition of

14  Nationals of our theocratic government to any and all local city, county, state or federal government

15  officials so as NOT to confuse [the Mu'ur Republic's] Nationals with corporate UNITED STATES

16  citizens."[7]  Belcher-Bey alleges that Officer Brown pulled her out of her vehicle, bruised her wrists,

17  and sprained her wrist, elbow, and shoulder; she later went to the emergency room.[8]  Belcher-Bey

18  _____

19       [3] Doc. 4 in 2:12-cv-01909-JAD-CWH; Docs. 23, 32 in 2:12-cv-01829-JAD-CWH.  The
    Court finds these motions appropriate for resolution without oral argument.  LR 78-2.  Plaintiff was
20  timely provided with the notice required under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en
    banc), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), and *Klingele v. Eikenberry*, 849 F.2d 409
21  (9th Cir. 1988).  *See* Doc. 5 in 2:12-cv-01829-JAD-CWH; Doc. 33 in 2:12-cv-01909-JAD-CWH.

22       [4] Doc. 4 in 2:12-cv-01909-JAD-CWH; Docs. 23, 32 in 2:12-cv-01829-JAD-CWH.  In
    reviewing these motions, the Cour is cognizant that it must construe pro se plaintiffs' motions and
23  pleadings liberally and does so here.  *See Bernardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

24       [5] Doc. 1-1 at 8 in 2:12-cv-01909-JAD-CWH.

25       [6] *Id.*

26       [7] *Id.* at 7.

27       [8] *Id.* at 9.

28                                         2

1  believes that Officer Brown was impersonating a sheriff and a judicial officer by his issuance of her

2  traffic citation.[9]

3      Belcher-Bey claims that Brown's impersonations violated constitutional separation of

4  powers.  She brings claims for "Assault and Battery, Rape, False Arrest, Unlawful Arrest and

5  Unlawful Detention, and Wrongful Arrest."  She also claims that "[u]nder the Supreme Law of the

6  Land, Affiant has the right to travel unencumbered as part of Affiant's right to liberty and pursuit of

7  happiness."[10]  In addition, she alleges that the citation issued by Officer Brown "violates Rule

8  12(b)(6): lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, [and]

9  insufficient service of process [and] therefore Brown fails to state a claim upon which relief can be

10  granted."[11]  She seeks an "administrative remedy" of $2 million to $50 million.[12]

11                              **Discussion**

12  **A.      The City's Motion to Dismiss**

13      Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain

14  statement of the claim showing that the pleader is entitled to relief."[13]  While Rule 8 does not require

15  detailed factual allegations, the Supreme Court clarified in *Bell Atlantic Corporation v. Twombly*

16  and *Ashcroft v. Iqbal* that the properly pled claim demands "more than labels and conclusions" or a

17  "formulaic recitation of the elements of a cause of action."[14]  "Factual allegations must be enough to

18  rise above the speculative level."[15]  Thus, to survive a motion to dismiss, a complaint must contain

---

[9] *See id.* at 8.

[10] *Id.* at 8–9.

[11] *Id.* at 9.

[12] Doc. 35 at 3 in 2:12-cv-01829-JAD-CWH.

[13] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[14] *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[15] *Id.*

3

sufficient factual matter to "state a claim to relief that is plausible on its face."[16]

District courts employ a two-step approach when evaluating the sufficiency of a complaint in the face of a motion to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[17] Mere recitals of the elements of a cause of action, supported only by conclusory statements, are insufficient.[18]  Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[19]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[20]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief" and must be dismissed.[21]

The City argues that it is not a proper defendant in this lawsuit because the City of Las Vegas is not legally responsible for LVMPD's actions as a matter of clear Nevada law.[22]  Thus, even assuming all of the Plaintiff's allegations are true, it is LVMPD—an independent municipal agency—and not the City that bears legal responsibility.  The City moves to dismiss Belcher-Bey's claims against it under Federal Rule of Civil Procedure 12(b)(6) and, alternatively, moves for summary judgment based on the very same rationale.[23]  In response, Belcher-Bey muses that the City should be legally and financially responsible for LVMPD's actions because the City contributes

---

[16] *Id.* at 570.

[17] *Iqbal*, 556 U.S. at 678–79.

[18] *Id.*

[19] *Id.* at 679.

[20] *Id.*

[21] *Twombly*, 550 U.S. at 570.

[22] See Nev. Rev. Stat. § 280.210.

[23] Doc. 4 in  2:12-cv-01909-JAD-CWH; Doc. 32 in 2:12-cv-01829-JAD-CWH.

4

1  to the law-enforcement agency's annual budget,[24] but she offers no legal argument to refute the

2  City's points and authorities, and she does not suggest any authority that undermines the application

3  of NRS 280.210 to bar her claims against the City.  Belcher-Bey offers only a series of questions:

4  whether LVMPD is "A Private Contractor receiving Federal Funds," whether "the City merge[d]

5  their policies with Clark County into one entity, NRS 280," and whether "merger consolidate[d] the

6  law enforcement powers of the City and Clark County in Metro NRS 380. 120 [sic], NRS 280."[25]

7  She suggests she is entitled to drive without a license, as she states that she "holds no contract to

8  drive" and that she "communicated to local municipalities in January 2012 of her status by

9  Notarized Affidavit in which there was never response.  It was the responsibility of the Sheriff to

10  notify agents."[26]  Moreover, she argues that "all this could have been avoided had Sheriff  Douglas

11  Gillespie communicated with his agents the certified letter he received."[27]  Thus, Belcher-Bey's

12  allegations possibly implicate the actions of two LVMPD officials—Gillespie and Brown—but they

13  do not reach beyond LVMPD to any City employees.

14      The City of Las Vegas is a municipality and thus may be sued under Section 1983; that,

15  however, does not make the City liable to every plaintiff who sues.  Because its "liability is limited

16  to actions for which the municipality is actually responsible," it cannot be properly sued for the

17

18  _____

19      [24] Doc. 35 at 2–3 in 2:12-cv-01829-JAD-CWH.  The City also reads Belcher-Bey's
    complaint as maintaining that "she is immune to the laws of the United States due to her status" in
20  the Moorish Holy Temple.  *Id.*  Belcher-Bey expressly disclaims this position in her response, where
    she writes that "Mu'ur plates are for 'easy recognition' ONLY [and that] Plaintiff NEVER stated she
    is immune to ANY laws of the United States due to her status."  Doc. 6 at 1 in 2:12-cv-01909-JAD-
21  CWH.  It thus appears that Belcher-Bey and the City agree on this point.  Regardless, the City's
    motion for dismissal does not turn on Plaintiff's Moorish affiliations; it turns on the legal separation
22  of LVMPD and the City.

23      [25] *Id.*; *see also* Doc. 26 at 1 in 12-cv-01829 (writing that "Plaintiff feels by contributing such
    an excessive amount of funds (and currently over budget) to Metro[, the] City of Las Vegas ARE
24  indeed responsible.").

25      [26] *Id.* at 3.  Plaintiff does reference some documentation in her glove compartment, without
    specifying its contents.  *Id.* at 2.
26

27      [27] *Id.*  No further details are provided regarding this letter, but it appears to have been
    intended to put LVMPD on notice of her license-free status.

28                                                                5

actions of an entirely different government entity.[28]

LVMPD has been an independent political subdivision of Nevada since it was formed in 1973, when the Nevada "legislature stated its desire 'to provide the means whereby the respective law enforcement agencies of the cities and counties may merge . . . .'"[29]  State law specifies that "[t]he chief law enforcement officer, and except as limited or otherwise provided in this chapter the chief administrative officer, in a department is the sheriff of the county in which a department is located . . . "[30]  The Sheriff is authorized to "adopt such policies, procedures, rules and regulations for the administration of the department and the employees of the department as the sheriff deems appropriate . . . "[31]  For *Monell* liability purposes, the Sheriff—and not anyone within the local city or county governance—is therefore LVMPD's final policymaker as a matter of state law.[32]

This distinction is further supported by the state legislature's express statement in Nevada Revised Statute § 280.280(4), which authorizes police departments and makes it clear that the:

> department is responsible for the defense of any claim and for any judgment arising out of any act or omission to act on the part of the committee, the sheriff, or any officer, employee or agent of the department, for which a political subdivision of the State may be held responsible pursuant to NRS 41.0305 to 41.039, inclusive.  The department may sue or be sued with regard to these matters.[33]

As a matter of state law, the City is not responsible for the actions of LVMPD, which is an independent political subdivision of the state.

---

[28] *See id.*

[29] *See Acklin v. McCarthy*, 612 P.2d 219, 219, 221 (Nev. 1980) (quoting Nev. Rev. Stat. § 280.010(2)); *see also* Nev. Rev. Stat. § 280.280(4).

[30] Nev. Rev. Stat. § 280.121(1).

[31] Nev. Rev. Stat. § 280.307.

[32] *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) (citing *St. Louis v. Praprotnik*, 485 U.S. 112 (1988) (plurality opinion)); *see also Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690–91 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–80 (1986) (emphases in original); *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 784–85 (1997) (citations omitted).

[33] Nev. Rev. Stat. § 280.280(4).

Belcher-Bey's complaint against the City cannot survive Rule 12(b)(6) scrutiny.  Even when her factual allegations regarding the August 16, 2012, traffic stop are accepted as true, Belcher-Bey fails to state a plausible claim for relief against the City.[34]  She alleges misconduct by a police officer—and, possibly, by a sheriff—whose employer, LVMPD, is a separate legal entity from the City of Las Vegas.  Nevada state law expressly confines responsibility for LVMPD-employee actions to LVMPD itself; it does permit other independent political subdivisions of the state to be held responsible for LVMPD's conduct.  Because the Complaint offers no allegation from which the court could infer misconduct by a City employee, Belcher-Bey has failed to state a cognizable claim for relief against the City, and her claims against this defendants must be dismissed as a matter of law.[35]

**B.      The City's Motion for Summary Judgment**

Had the Court not dismissed Belcher-Bey's claims against the City, Nevada's recognition of LVMPD as a legal entity separate and apart from the City of Las Vegas would also warrant the entry of summary judgment in the City's favor.  Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[36]  When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[37]  If reasonable minds could differ on the material facts at issue, summary judgment is not appropriate because the purpose of summary judgment is to avoid unnecessary trials when the facts are undisputed.[38]

The party resisting summary judgment must "set forth specific facts showing that there is a

---

[34] *See Iqbal*, 556 U.S. at 678–79.

[35] *See Twombly*, 550 U.S. at 570; *see also* Doc. 4 in 2:12-cv-01909-JAD-CWH.

[36] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[37] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[38] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

genuine issue for trial."[39]  This party "must do more than simply show that there is some

metaphysical doubt as to the material facts"[40]; she "must produce specific evidence, through

affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on

which a reasonable fact finder could find in his favor.[41]  The Court may only consider properly

authenticated, admissible evidence in deciding a motion for summary judgment.[42]

　　　　　The City's Motion for Summary Judgment raises the very same arguments as its Motion to

Dismiss.[43]  Belcher-Bey offers no evidence or contrary legal authority—only the rhetorical query,

"How is the City . . . not responsible when they contribute to" LVMPD?[44]  She admitted in her

deposition that the only persons she contends are responsible for the actions giving rise to this

lawsuit are LVMPD employees, not City employees.[45]  As LVMPD is a legally independent

municipal subdivision of the State of Nevada, LVMPD, not the City, is  is solely responsible for the

defense of any this action.[46]  Accordingly, the City is not a proper defendant as a matter of law.  In

civil-rights actions, "federal courts and litigants must rely on summary judgment and control of

discovery to weed out unmeritorious claims sooner rather than later."[47]  Even though the Court

"views all facts and draws all inferences in the light most favorable to the nonmoving party," no

---

[39] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[40] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

[41] *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[42] Fed. R. Civ. P. 56(c); *Orr*, 285 F.3d at 773–74.

[43] *Compare* Doc. 32 in 2:12-cv-01829-JAD-CWH *with* Doc. 4 in 2:12-cv-01909-JAD-CWH.

[44] Doc. 35 at 3 in 2:12-cv-01829-JAD-CWH.

[45] Doc. 32-1 at 6–10, 22 in 2:12-cv-01829-JAD-CWH.

[46] *See Jett*, 491 U.S. at 737; Nev. Rev. Stat. § 280.212(1); Nev. Rev. Stat. § 280.280(4); Nev. Rev. Stat. § 280.307.

[47] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168–69 (1993).

material facts are disputed, and the City would be entitled to summary judgment as a matter of law had the Court not granted the motion to dismiss.[48]  As the claims against the City are now dismissed, the City's motion for summary judgment on these very same points and authorities is denied as moot.[49]

## C.   Belcher-Bey's Motion for Relief

Belcher-Bey brings a motion entitled "Demand for Relief" that prays for judicial notice of five exhibits and seeks a total of $8,751,701.17 monetary damages.[50]  This motion was filed nine months after the motion to dismiss and two months before the motion for summary judgment; this timing makes it unlikely that it is intended to be responsive to either motion.  The Court considers each component of Belcher-Bey's motion in turn.

### 1.   Judicial notice

Under Federal Rule of Evidence 201, courts may take judicial notice of any fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[51]  Judicial notice is properly taken of proceedings in other courts, both within and without the federal system, when those proceedings relate to matters at issue. [52]

Belcher-Bey prays that the Court take judicial notice of (1) her original complaint in state court, (2) various documents from the United States District Court for the Southern District of

---

[48] *Kaiser*, 793 F.2d 1100, 1103.

[49] Doc. 32 in 2:12-cv-01829-JAD-CWH.

[50] *See id.* at 2.

[51] Fed. R. Evid. 201(b).

[52] *Biggs v. Terhune*, 334 F.3d 910, 916 n.3 (9th Cir. 2003), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of state appellate court opinion and the parties' briefs filed therein and in the trial court to determine whether an issue was actually litigated and necessarily decided in the state court for issue preclusion purposes).

9

Florida case *United States v. Dwivedi*,[53] (3) the Eleventh Circuit's opinion in *Trezevant v. City of Tampa*,[54] (4) photographs of wrists injured by handcuffs, and (5) medical documents pertaining to Belcher-Bey's healthcare from the University Medical Center ("UMC") located in Las Vegas, Nevada.[55]

The state-court complaint is already properly before this Court as part of the full record[56] and, in reviewing the record to decide the motions to dismiss and for summary judgment, the Court has reviewed the original complaint.  Thus, judicial notice of the complaint is unnecessary and the request in this regard is denied.

The Court takes judicial notice of the Eleventh Circuit's opinion in *Trezevant*.[57]  Parties are expected to cite legal authority when they bring motions before the Court, this case is readily found on WestLaw, and WestLaw is a source that cannot be reasonably questioned.  Therefore, the Court takes notice of *Trezevant*.

The Court cannot find *Dwivedi* on either the WestLaw or LexisNexis legal search engines and, moreover, the documents Belcher-Bey provides go considerably beyond a judicial opinion. They include a press release, a criminal judgment that includes conditions of supervised release and criminal monetary penalties.[58]  The information contained in this exhibit is not generally known within this Court's territorial jurisdiction, nor is it susceptible of accurate and ready verification through sources whose accuracy cannot reasonably be questioned.[59]  Accordingly, the Court declines

---

[53] Doc. 32 at 2 in 2:12-cv-01829-JAD-CWH (citing *United States v. Dwivedi*, 1:12-cv-20670-JEM).

[54] *Id.* (citing *Trezevant v. City of Tampa*, 741 F.2d 336 (11th Cir. 1984)).

[55] *Id.* at 4–49 (Exhibits A–E).

[56] *Compare* Doc. 23 at 4–12 in 2:12-cv-01909-JAD-CWH *with* Doc. 1-1 at 6–10 in 2:12-cv-01829-JAD-CWH *and* Doc. 1 at 9–13 in 2:12-cv-01909-JAD-CWH.

[57] *Trezevant v. City of Tampa*, 741 F.2d 336 (11th Cir. 1984).

[58] *See* Doc. 23 at 13–35 in 2:12-cv-01829-JAD-CWH.

[59] Fed. R. Evid. 201(b).

10

to take notice of the *Dwivedi* criminal records.

Likewise, the wrist-injury photographs and the UMC records neither contain generally known information nor are readily confirmed through accurate sources.  If Belcher-Bey wishes to offer these exhibits into evidence, she must do so by properly authenticating them as evidence, not by asking the Court to take judicial notice of them.[60]  Accordingly, judicial notice is inappropriate for these items and is therefore is denied.

### 2.  *Monetary damages*

Before a plaintiff can recover damages under Section 1983, she must prove that her constitutional or civil rights were violated by the state actor she sues.[61]  "A claim for damages" that is not based on any such violation "is not cognizable under § 1983," whether it is simply premature or is wholly unattached to any valid claim.[62]  Belcher-Bey writes that she " ha[s] been injured and [is] entitled to remedy."[63]  She moves for "maximum" damages against Officer Brown and "minimum" damages against non-party R. Thomas: $2 million for unlawful restraint, $2 million for assault, $2 million for cruel and unusual punishment, $2 million for failure to identify and/or present credentials, $250,000 for forced compliance to contracts not held, $250,000 for denied provisions in the Constitution, and $1,701.17 for medical bills.[64]  It is too early in the litigation process to award

---

[60] When evidence is offered on summary judgment, for example, "documents authenticated through personal knowledge must be attached to an affidavit that meets the requirements of [Federal Rule of Civil Procedure] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."  *Orr*, 285 F.3d at 773–74 (citations omitted) (footnote omitted).  Plaintiff is forewarned that, should she offer evidence in opposition to LVMPD and Officer Brown's pending motion for summary judgment (Doc. 38), any evidence must be properly authenticated by the method approved by the in Ninth Circuit in *Orr* and elsewhere.

[61] *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (citations omitted) (holding that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence"); *see also Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (applying *Heck*).

[62] *Id.* at 487.

[63] Doc. 23 at 2 in 2:12-cv-01829-JAD-CWH.

[64] *Id.*

11

damages: Belcher-Bey must first prove her Section 1983 claims against LVMPD and Officer Brown through a properly supported motion for summary judgment or a trial on the merits.[65]  Belcher-Bey's request for an award of damages is therefore denied.

### Conclusion

Accordingly, and with good cause appearing,

It is hereby ORDERED that the City of Las Vegas's Motion to Dismiss **[Doc. 4 in 12-cv-1909] is GRANTED**; Plaintiff's claims against the City of Las Vegas are hereby **DISMISSED**.

It is further ORDERED that the City of Las Vegas's Motion for Summary Judgment **[Doc. 32 in 12-cv-1829] is DENIED** as moot.

It is further ORDERED that Plaintiff's motion for judicial notice and damages **[Doc. 23 in 12-cv-1829] is GRANTED in part and DENIED in part** consistent with this Order.

DATED March 19, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[65] *See Heck*, 512 U.S. at 486–87.

12